IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON A WILLIAMS ) | CASE NO. 5:04 CV 2435 |
| ) | |
| Plaintiff, ) | JUDGE DONALD NUGENT |
| v. ) | |
| ) | MAGISTRATE JUDGE McHARGH |
| ALLSTATE INSURANCE COMPANY ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

On November 1, 2004, Plaintiff Sharon Williams filed a *pro se* complaint in state court against Defendant Allstate Insurance Company, alleging violations of Ohio age discrimination and public policy law. Upon removing Plaintiff's suit to this Court, on February 15, 2005, Defendant Allstate filed a *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6), asserting Plaintiff's state law age discrimination claim is barred under Ohio Rev. Code §4112.14(B) which, Defendant claims, expressly prohibits an individual who files a state administrative claim from subsequently filing a lawsuit under the Ohio age discrimination statute, O.R.C. §4112.14. Defendant further asserts Plaintiff's state public policy claim is barred as Ohio law does not recognize a public policy action for wrongful discharge if a statutory remedy already exists which adequately protects society's interests in that regard. On March 8, 2005, Plaintiff expressed her intent to file a response to Defendant's *Motion to Dismiss* by the March 17, 2005, as well as a motion to amend her *Complaint*, though she did not express what changes she intended to make. Plaintiff, however, has not filed either paper with the Court. As such, the Court will consider the merits of Defendant's motion without the benefit of Plaintiff's response.

For the reasons set forth below, the Magistrate Judge recommends Defendant's *Motion to Dismiss* be GRANTED in part, and DENIED in part.

## I. BACKGROUND

Plaintiff was an employee of Defendant from February 27, 1989 to December 31, 2003. Upon being "laid off" from her position as a Senior Claim Processing Specialist in December 2003, she filed Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging she was discriminated against on the basis of her age and her claimed disability. Plaintiff's Charge was dismissed by the EEOC on August 3, 2004, but a right to sue letter was issued. Plaintiff subsequently filed the complaint at issue within the allotted ninety days.

## II. ANALYSIS

### A. Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted must establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wright v. MetroHealth Medical Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The function of the Court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *See id.* The Court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *See Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997).

### B.  Plaintiff's State Age Discrimination Claim

Defendant seeks the dismissal of Plaintiff's state age discrimination claim on the basis Ohio's age discrimination statute, O.R.C. §4112.14, requires an election of remedies.  The statute states in pertinent part, "[A]ny person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code." Courts have applied this language in holding any individual who files a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") is barred from subsequently bringing an age discrimination claim under Ohio age discrimination law. *See Woods v. Vermilion Local School Dist.*, No. 3:98CV7462, 1999 WL 652019, *4 (N.D.O.H. Aug. 9, 1999); *Sterry v. Safe Auto Ins. Co.*, No. C2-02-1271, 2003 WL 23412974, *4 (S.D.O.H. Aug. 25, 2003); *Talbott v. Anthem Blue Cross and Blue Shield*, 147 F. Supp.2d 860, 862 (S.D.O.H. 2001) (age discrimination claim pursuant to O.R.C. §4112.02); *Keister v. Delco Prods.*, 680 F. Supp. 281, 282 (S.D.O.H. 1987); *Balent v. National Revenue Corp.*, 638 N.E.2d 1064, 1067, 93 Ohio App.3d 419 (Ohio Ct. App. 1994) (age discrimination claim pursuant to O.R.C. §4112.02).

In the case at bar, Plaintiff filed a complaint with the EEOC alleging age discrimination on June 1, 2004, which was eventually dismissed on August 3, 2004 (Defendant's Exhibits 1 and 2).[1]  Although not

---

[1] Defendant's argument relies heavily on the documents attached to its *Motion to Dismiss* (*i.e.*, Plaintiff's EEOC Complaint and Right to Sue Letter).  These documents, however, were neither referenced nor attached to Plaintiff's *Complaint*.  Fed. R. Civ. P. 12(b) demands a motion to dismiss which presents matters outside of the complaint be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Although Defendant has failed to even request the Court take judicial notice of these EEOC documents in an attempt to avoid the conversion of their motion to dismiss into a motion

-3-

identified as such by Plaintiff or Defendant, the fact that Plaintiff's Charge was filed with the EEOC rather than the OCRC is somewhat of a dilemma in considering the appropriate application of the election of remedies doctrine. Indeed, both federal and state courts in Ohio are split as to whether an EEOC charge falls within the election of remedies language set forth in Ohio state age discrimination law and, therefore, bars the filing of a state discrimination claim.

An Ohio Administrative Code section states a charge filed with the EEOC is deemed filed with the OCRC on the same date the charge is received by the EEOC. *See* Ohio Admin. Code §4112-3-01(D)(3). Some courts have looked to this language in concluding a state law discrimination lawsuit is barred under the election of remedies doctrine when a charge of discrimination is filed directly with the EEOC. *Williams v. Rayle Coal Co.*, No. 96-BA-42, 1997 WL 598091, *3 (Ohio Ct. App. Sept. 19, 1997); *Schwartz v. Comcorp, Inc.*, 633 N.E.2d 551, 557, 91 Ohio App.3d 639 (Ohio Ct. App. 1993); *Fowler v. Hudson Foods*, 708 N.E.2d 792, 795, 96 Ohio Misc.2d 19 (Ohio Ct. Com. Pl. 1998).

However, in an unpublished 1989 opinion, the Sixth Circuit rejected an employer's argument that

---

for summary judgment, the Court will do so pursuant to Fed. R. Evid. 201. *New England Health Care Employees Pension Fund v. Ernst & Young*, 336 F.3d 495, 502 (6th Cir. 2003) ("[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such a materials are public records or are otherwise appropriate for taking judicial notice"). Courts have regularly taken judicial notice of proceedings in other courts of record, records and reports of administrative bodies, and EEOC determinations, thus the Court is well-supported in doing so in the present case. *See Plassman v. City of Wauseon*, No. 95-3736, 1996 WL 254662, *3 (6th Cir. May 14, 1996); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Cunningham v. Litton Indus.*, 413 F.2d 887, 889 n. 2 (9th Cir. 1969); *Mathis v. Corp. for National and Community Service*, 327 F. Supp.2. 154, 156 n. 5 (D. Conn. 2004); *Briggs v. New York State Dept. Of Trans.*, 233 F. Supp.2d 367, 372 n. 1 (N.D.N.Y. 2002); *Ratliff v. Conagra, Inc.*, No. IP 01-0129-C, 2001 WL 1397298, *2 (S.D. Ind. Oct. 31, 2001); *American Farm Bureau v. E.P.A.*, 121 F. Supp.2d 84, 106 (D.D.C. 2000).

a plaintiff who filed a charge with the EEOC alleging age discrimination was barred from pursuing a state discrimination law claim due to the election of remedies doctrine. *Lafferty v. Coopers and Lybrand*, No. 87-3221, 841 F.2d 1126, 1998 WL 19182, *4 (6th Cir. March 8, 1988) (Table). The Court reasoned:

> The latter section [O.R.C. §4112.05] refers to the Ohio Civil Rights Commission, and not the EEOC. Plaintiff, as required by federal law as a prerequisite to filing a claim under ADEA, informed the Ohio Civil Rights Commission of his charge. The charge would be processed by the EEOC and not by the state agency. There is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the Ohio Civil Rights Commission, from pursuing a claim under section 4101.17 [since recodified §4112.14] where filing with the EEOC required for the filing of a federal claim. Defendant's interpretation would effectively mean that Ohio barred federal court pendant jurisdiction of claims under section 4101.17. Whether Ohio could do this if it wished or not, we do not believe it is the result envisioned by the Ohio legislature.

*Id*. In a similar 1986 Sixth Circuit case, the Court reversed and remanded rather than decide if an EEOC referral to the OCRC barred a subsequent state law claim. *McLaughlin v. Excel Wire and Cable, Inc.*, No. 85-3258, 787 F.2d 591, 1986 WL 16659, *3-4 (6th Cir. March 24, 1986) (Table). However, in reaching that conclusion, the Court stated:

> Filing a charge with the E.E.O.C. simply cannot be equated with instituting an action with the O.C.R.C. Next, we find no support for the district court's holding in the Ohio statutes. Section 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the O.C.R.C. within six months of an alleged discriminatory practice. Finally, since a filing with the E.E.O.C. is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures.

*Id*., (internal citations omitted). The court in *Carr v. French Oil Mill Machinery Co.*, 746 F. Supp. 700,

703-05 (S.D.O.H. 1989), looked to *Lafferty* and *McLaughlin* in holding the election of remedies doctrine was not applicable in a suit in which a charge was filed directly with the EEOC. Both Sixth Circuit cases differ from the case at bar in that they involve a plaintiff seeking relief under both federal and state law, but the reasoning behind each decision is unquestionably relevant to the issue before the Court. Of some significance, however, is that none of the three cases cited above considered O.A.C. §4112-3-01.

In applying state law in diversity cases, federal courts are required to act in "accordance with the then controlling decision of the highest state court." *Grantham and Mann, Inc. v. American Safety Prod., Inc.*, 831 F.2d 596, 608 (6th Cir. 1987). When the state's highest court has not yet addressed the issue, a federal court must ascertain what that court would decide when faced with the issue by looking to all available data, including the decisions of the state's lower courts, restatements of law, law review commentary, and decisions of other jurisdictions on the "majority" rule. *Id.* The decision of a lower state court is not controlling in such situations, but it is "a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 608-09 (internal citations and quotations omitted).

The Ohio Supreme Court, as of yet, has not weighed in on the applicability of the election of remedies doctrine when a charge was directly filed with the EEOC rather than the OCRC. Both federal and state courts have directly weighed in on this issue, with state courts giving the doctrine broad application and applying the election of remedies doctrine to EEOC charges, while the federal courts have taken a more narrow approach. Most significantly, an administrative code section touches directly on this issue, indicating an EEOC charge filed in Ohio is simultaneously filed with the OCRC. The Court cannot ignore the plain intent of the Ohio legislature in its enactment of its age discrimination statutes and substitute

-6-

its judgment, regardless of how reasonable and logical it may be, for the policy decisions of the legislature. Although the Court acknowledges the problems identified in *Lafferty* and *McLaughlin* in adopting the conclusions of the *Williams*, *Schwartz*, and *Fowler* courts, it also recognizes that "simply because Ohio's age discrimination law has the effect of requiring a litigant to choose between his or her state and federal remedies does not invalidate that law or require the Court to construe the terms of that law inconsistently with its plain meaning." *Keister*, 680 F. Supp. at 282. Moreover, it is apparent from case law arising after *Lafferty* and *McLaughlin* that the consequences of adopting this broad view of the election of remedies doctrine are not so dire as predicted by the Sixth Circuit. Since the unpublished Sixth Circuit decisions, various courts have carved exceptions into the election of remedy doctrine, concluding an individual can still file an OCRC charge to meet federal law prerequisites and file a state law claim by either expressly indicating in the charge complaint that he/she is filing for procedural purposes only, by filing a charge with the OCRC after filing the lawsuit, or by filing the charge and lawsuit contemporaneously. *Woods*, 1999 WL 652019, at *4; *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1234 (S.D.O.H. 1993); *Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 474, 14 Ohio St.3d 45 (1984); *Borowski v. State Chem. Mfg. Co.*, 647 N.E.2d 230, 234-35, 97 Ohio. App.3d 635 (Ohio Ct. App. 1994). Thus, contrary to the warnings of the Sixth Circuit, Ohio law presently allows for a few narrow exceptions for a plaintiff to file both state and federal discrimination claims, though it admittedly assumes a sophistication of, and deep familiarity with the law by, the general public that is rather unrealistic. Indeed, "[t]he interface between the federal and Ohio state procedures for filing an age discrimination charge is a minefield for the unwary litigant." *Baker*, 838 F. Supp. at 1230. Although the Court believes the position promulgated by Defendant somewhat unfair, especially when considering Plaintiff is *pro se* and would likely

have never been aware of this nuance of Ohio discrimination law, the Court cannot, in good faith, ignore the law and regulations established by Ohio's legislature. As such, the Court finds that the EEOC charge filed by Plaintiff on June 1, 2004 was also filed with the OCRC, therefore, triggering Ohio's election of remedies doctrine. Consequently, the Court recommends Plaintiff's state law age discrimination claim be dismissed.

### C. Plaintiff's State Public Policy Claim

Defendant next argues Plaintiff's public policy claim must be dismissed as Ohio law does not recognize a public policy action for wrongful discharge if a statutory remedy already exists which adequately protects society's interests in that regard. To establish a claim for tortious wrongful discharge in violation of public policy, four elements must be satisfied:

> 1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).
>
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
>
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
>
> 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Painter v. Graley*, 639 N.E.2d 51, 57 n. 8, 70 Ohio St.3d 377 (1994). Defendant's argument brings to issue the jeopardy element which, according to Defendant, is not met when a statute, in the present case O.R.C. §4412.14, provides its own adequate remedies for the wrongful termination. Plaintiff cites cases from this Court and other Ohio courts in support of this assertion; those cases, however, are distinguishable

-8-

from the present matter as none concern allegations of age discrimination.

The Ohio Supreme Court has carved an exception to the rule of law relied upon by Defendant for age discrimination cases. *See Livingston v. Hillside Rehabilitation Hospital*, 680 N.E.2d 1220, 1220, 79 Ohio St.3d 249 (1997). In *Livingston*, an employee brought an age discrimination claim pursuant to O.R.C. §4101.17 (since recodified at O.R.C. §4112.14), in addition to a violation of public policy claim. An Ohio appellate court held effective and adequate statutory remedies were available to the employee and, consequently, affirmed the trial court's dismissal of the violation of public policy claim. Without opinion, the Ohio Supreme Court reversed that decision "on the authority of" *Kulch v. Structural Fibers*, 677 N.E.2d 308, 78 Ohio St.3d 134, 155 (1997), which made clear a claim for tortious wrongful termination in violation of public policy embodied in Ohio's Whistleblower Statute could be brought in spite of the fact the statute provided specific remedies to an aggrieved employee. Since the rendering of the *Livingston* decision, both federal and state Courts have recognized claims for tortious wrongful termination in violation of public policy based on age discrimination. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001); *Bukta v. J.C. Penney Co., Inc.*, No. 4:02 CV 598, 2004 WL 3201826 (N.D.O.H. Dec. 22, 2004); *Mercurio v. Honeywell*, No. C-1-02-275, 2003 WL 966287, *3 (S.D.O.H. March 5, 2003); *White v. Honda of Am. Mfg., Inc.*, 191 F. Supp.2d 933, 954 (S.D.O.H. 2002); *Ferraro v. B.F. Goodrich Co.*, 777 N.E.2d 282, 294, 149 Ohio App.3d 301 (2002). As the case at bar involves a claim for wrongful termination in violation of public policy based on age discrimination, the Court recommends Defendant's *Motion to Dismiss* be denied as contrary to well-settled case law within the jurisdiction.

### III. DECISION

For the foregoing reasons, the Magistrate Judge recommends Defendants' *Motion to Dismiss* be

GRANTED in part and DENIED in part, and Plaintiff's age discrimination claim under Ohio Revised Code §4112.14 be dismissed with prejudice.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: April 19, 2005

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).